Green, Judge,
delivered the opinion of the court:
The claim involved in this case originally accrued to Sherman Oil Mill. The receiver of The Sherman Oil Mill now claims to be entitled to recover on the claim under a contract of sale made by Sherman Oil Mill with The Sherman Oil Mill, but the evidence does not sustain this claim. The findings show that this sale did not include any choses in action or the cotton linter claim which is the subject matter of this suit. Sherman Oil Mill and The Sherman Oil Mill are two different corporations. It appears that F. T. Chaf-fin has been appointed receiver of The Sherman Oil Mill, and the order of the court appointing him receiver referred to the property involved in the receivership as a claim which originally arose in favor of Sherman Oil Mill purchased by The Sherman Oil Mill. The order is not definite with reference to the nature of the claim but, assuming that it refers to the one involved in the case now before this court, it is evident under the facts recited above that the receiver of The Sherman Oil Mill has no title thereto. The Texas court could appoint a receiver of the property of The Sherman Oil Mill but the recitals in its order in any event would not be binding upon the defendant which was not a party to the receivership proceeding.
Our conclusion is that the plaintiff Chaffin, as receiver of The Sherman Oil Mill, has failed to show any right of recovery against the defendant and it is therefore ordered that his petition be dismissed.
Whaley, Judge; Williams, Judge; Littleton, Judge; and Booth, Chief Justice, concur.